## AFFIDAVIT IN SUPPORT
## OF CRIMINAL COMPLAINT

I, Jeremy Myers, depose and make this affidavit in support of a complaint for a violation of Title 8, United States Code, Section 1326(a) by Jose Angel HIDALGO-Torres. I am a Border Patrol Agent with the United States Border Patrol. I am stationed at the Calais Station in Baileyville, Maine. I graduated from Pinckeyville Community High School in Pinckeyville, Illinois in June 1988. Prior to being stationed at Calais, I was a Border Patrol Agent detailed to the Santa Teresa Border Patrol Station in Santa Teresa, New Mexico. I have been an employee of the United States Border Patrol since October 20, 2008. I successfully graduated from the Border Patrol Academy in Artesia, New Mexico in January 2009. I base this affidavit on my own investigation as well as discussions with other agents and/or reading of investigative reports and other materials.

On July 18, 2025, at approximately 08:26 P.M., I was working in my assigned area of responsibility when Houlton Sector dispatch (X620) advised, via service radio, of sensor activity detected in the border area near the Milltown train trestle in Calais, Maine. The Milltown train trestle spans the St. Croix River, which is the international boundary between the U.S. and Canada. I acknowledged dispatch via radio and responded immediately to the Milltown train trestle. Upon arrival at the location, I began searching the immediate area and egress routes.

At about 08:34 P.M., I drove to North Street, which is directly above the train trestle, and I saw a male subject, matching the description provided by dispatch (male, dark shirt, shorts, light colored shoes, and a baseball cap), walking across the parking lot of a local restaurant, located approximately 100 yards from the train trestle. I

1

approached the subject (later identified as HIDALGO-Torres, Jose Angel, DOB 02/15/2005) and identified myself as a U.S. Border Patrol Agent in English and in Spanish. I questioned HIDALGO-Torres as to his citizenship and I asked him if he had just crossed the train trestle, from Canada.

[The trestle has signs on both sides, in English and French indicating that it is an international border and that entry was prohibited. The sign also includes pictorial representations indicating that pedestrian and vehicular crossing is prohibited. In addition, the trestle has a locked gate that must be gone over or around in order to pass from the trestle.]

HIDALGO-Torres admitted to being a citizen of Spain and he admitted that he had just crossed the train trestle, without inspection, from Canada. HIDALGO-Torres stated that he did not have any immigration documents, nor does he have any pending petition or adjustments of status. HIDALGO-Torres' mother and father were born in Cuba. HIDALGO-Torres' mother is a naturalized citizen of Spain.

After this interview, I transported HIDALGO-Torres to the Calais Border Patrol Station for further processing. Records checks revealed that HIDALGO-Torres, Jose Angel has prior immigration history. HIDALGO-Torres is a naturalized citizen of Spain, born in Cuba, who was admitted to the United States on December 7, 2021, at Miami International Airport, in Miami, Florida, under class of admission (COA) WT/Visa Waiver Visitor for Pleasure/Tourism, with authorization to remain in the United States until March 6, 2022. However, HIDALGO-Torres failed to comply with the conditions of that admission in that after admission as a nonimmigrant under Section 217 of the Immigration and Nationality Act (INA), he remained in the United States for a period of time beyond what was authorized, in violation of Section 237(a)(1)(B) of the INA, as

amended. HIDALGO-Torres was ordered removed on April 8, 2024. HIDALGO-Torres was issued and served the appropriate forms for Visa Waiver removal from the U.S., and removed by ICE/ERO, from Miami Florida, to Madrid, Spain on 05/28/2024.

Additional searches of the following systems regarding HIDALGO-Torres show no potential claim to U.S. Citizenship: CIS, CLAIMS, EARM, ENFORCE, NCIC, IDENT. HIDALGO-Torres also stated that he does not possess immigration documents that would allow him to enter, remain in, or pass through the U.S.

HIDALGO-Torres was notified of his rights to communicate with a consular officer from his respective country. HIDALGO-Torres acknowledged he understood the right; but declined to speak with a consular officer at this time.

I, Jeremy Myers, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under pains and penalties of perjury.

Jeremy Myers
United States Border Patrol Agent
U.S. Border Patrol

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Jul 21 2025

City and state: Bangor, ME

Judge's signature

John C Nivison U.S. Magistrate Judge
Printed name and title

3